# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

CHAMPION COACH, LLC )
          )
    Plaintiff, )
          )     Case No.: 4:25-cv-00573
v. )
          )
OWNERS INSURANCE COMPANY )    **JURY TRIAL DEMANDED**
          )
    Defendant. )
          )

## DEFENDANT'S ANSWER

COMES NOW Defendant, Owners Insurance Company, incorrectly named and identified as "Auto-Owners Insurance Company," (hereinafter "Owners"), by and through undersigned counsel, and for it Answer to Plaintiff's Petition, states as follows:

## PARTIES

1. Upon information and belief, Owners admits the allegations in Paragraph 1.

2. Owners admits it is a foreign corporation registered and licensed to sell insurance in the State of Missouri, with its principal place of business in Lansing, Michigan. The remaining allegations in Paragraph 2 purport to state a legal conclusion, not facts and, therefore, no response is required. To the extent further response is required, Owners denies the remaining allegations in Paragraph 2.

## JURISDICTION & VENUE

3. The allegations in Paragraph 3 purport to state legal conclusions, not facts and, therefore, no response is required. To the extent further response is deemed required, Owners denies the allegations in Paragraph 3.

1

4. The allegations in Paragraph 4 purport to state legal conclusions, not facts and, therefore, no response is required. To the extent further response is deemed required, Owners denies the allegations in Paragraph 4.

## BASIC PREMISE

5. Owners denies the allegations in Paragraph 5, except admits only that it issued an insurance policy to Plaintiff, having policy number 144605-39857096-24, and a policy period of May 1, 2024 to May 1, 2025, subject to all the terms, provisions, limitations, exclusions, and conditions contained within said policy (hereinafter "the Policy"). The Policy is a writing that speaks for itself and is the best evidence of its terms, provisions, limitations, exclusions, and conditions, which are expressly pled as if copied herein. Any allegations of fact or law, including the allegations in Paragraph 5, which purport to modify, extend, alter, or otherwise vary the terms, provisions, limitations, exclusions, and conditions of the Policy are expressly denied.

## FACTUAL BACKGROUND

6. The allegations in Paragraph 6 purport to state legal conclusions, not facts and, therefore, no response is required. To the extent further response is deemed required, Owners denies the allegations in Paragraph 6.

7. Owners admits only that it issued the Policy, subject to all the terms, provisions, limitations, exclusions, and conditions contained within the Policy. The Policy is a writing that speaks for itself and is the best evidence of its terms, provisions, limitations, exclusions, and conditions, which are expressly pled as if copied herein. Any allegations of fact or law, including the allegations in Paragraph 7, which purport to modify, extend, alter, or otherwise vary the terms, provisions, limitations, exclusions, and conditions of the Policy are expressly denied.

2

8. Owners admits only that it issued the Policy, subject to all its terms, provisions, limitations, exclusions, and conditions. The Policy is a writing that speaks for itself and is the best evidence of its terms, provisions, limitations, exclusions, and conditions, which are expressly pled as if copied herein. Any allegations of fact or law, including allegations in Paragraph 8, which purport to modify, extend, alter, or otherwise vary the terms, provisions, limitations, exclusions, and conditions of the Policy are expressly denied.

9. Owners admits premium payments were current and the Policy was in force and effect during the stated Policy term. Owners denies the remaining allegations in Paragraph 9.

10. Owners admits that on May 26, 2024, the property sustained some hail related damage. Owners also admits that it issued the Policy, which is a writing that speaks for itself and is the best of evidence of its terms, provisions, limitations, exclusions, and conditions. Any allegations of fact or law, including allegations in Paragraph 10, which purports to modify, extend, alter, or otherwise vary the terms, provisions, limitations, exclusions, and conditions of the Policy are expressly denied. Owners denies each and every remaining allegation in Paragraph 10.

11. Owners denies the allegations in Paragraph 11, except admits only that it received notice of the claimed loss on October 7, 2024.

12. Owners admits the allegations in Paragraph 12.

13. Owners admits it conducted a second property inspection on December 23, 2024. Owners denies each and every remaining allegation in Paragraph 13.

14. Owners admits the allegations in Paragraph 14.

15. Owners denies the allegations in Paragraph 15.

3

#33142181 v1

16.     Owners admits only that Plaintiff requested claim updates after the initial property inspection on October 11, 2024.  Owners denies each and every remaining allegation in Paragraph 16.

17.     Owners denies the allegations in Paragraph 17.

18.     Owners admits only that on or about March 11, 2025, Owners received a purported "Notice of Intent to Sue" letter.  The remaining allegations in Paragraph 18 purport to state legal conclusions, not facts and, therefore, require no response.  To the extent further response is deemed required, Owners denies the remaining allegations in Paragraph 18.

19.     Owners admits it received a "Notice of Intent to Sue" letter.  Owners denies the letter it received included and/or attached an estimate of alleged damages.  Owners denies each and every remaining allegation in Paragraph 19.

20.     Owners denies the allegations in Paragraph 20.

21.     Owners denies the allegations in Paragraph 21.

22.     Owners denies the allegations in Paragraph 22.

23.     Owners denies the allegations in Paragraph 23.

24.     Owners denies the allegations in Paragraph 24.

25.     Owners denies the allegations in Paragraph 25.

26.     Owners denies the allegations in Paragraph 26.

27.     Owners denies the allegations in Paragraph 27.

28.     Owners denies the allegations in Paragraph 28.

29.     Owners denies the allegations in Paragraph 29.

30.     Owners denies the allegations in Paragraph 30.

31.     Owners denies the allegations in Paragraph 31.

4

32.     Owners denies the allegations in Paragraph 32.

33.     Owners denies the allegations in Paragraph 33.

34.     Owners denies the allegations in Paragraph 34.

35.     Owners denies the allegations in Paragraph 35.

36.     Owners denies the allegations in Paragraph 36.

37.     Owners denies the allegations in Paragraph 37.

38.     Owners denies the allegations in Paragraph 38.

39.     Owners denies the allegations in Paragraph 39.

40.     Owners denies the allegations in Paragraph 40.

## <u>COUNT I – BREACH OF CONTRACT</u>

41.     Owners restates and incorporates by reference its answers to Paragraphs 1 through 40 above as if fully set forth herein.

42.     Paragraph 42 purports to state a legal conclusion not facts and, therefore, no response is required.  To the extent a response is required, Owners denies the allegations in Paragraph 42.

43.     Owners admits only that it issued the Policy.  The Policy is a writing that speaks for itself and is the best evidence of its terms, provisions, limitations, exclusions, and conditions, which are expressly pled as if copied herein.  Any allegations of fact or law, including allegations in Paragraph 43, which purport to modify, extend, alter, or otherwise vary the terms, provisions, limitations, exclusions, and conditions of the Policy are expressly denied.  Owners denies the remaining allegations in Paragraph 43.

44.     Owners admits only that it issued the Policy.  The Policy is a writing that speaks for itself and is the best evidence of its terms, provisions, limitations, exclusions, and conditions,

#33142181 v1

which are expressly pled as if copied herein. Any allegations of fact or law, including allegations in Paragraph 44, which purport to modify, extend, alter, or otherwise vary the terms, provisions, limitations, exclusions, and conditions of the Policy are expressly denied. Owners denies the remaining allegations in Paragraph 44.

45. Owners denies the allegations in Paragraph 45.

46. Owners admits only that it issued the Policy. The Policy is a writing that speaks for itself and is the best evidence of its terms, provisions, limitations, exclusions, and conditions, which are expressly pled as if copied herein. Any allegations of fact or law, including allegations in Paragraph 46, which purport to modify, extend, alter, or otherwise vary the terms, provisions, limitations, exclusions, and conditions of the Policy are expressly denied. Owners denies each and every remaining allegation in Paragraph 46.

47. Owners denies the allegations in Paragraph 47.

48. Owners denies the allegations in Paragraph 48, except admits only that Plaintiff submitted a claim under the Policy for alleged hail and/or wind damage.

49. Owners denies the allegations in Paragraph 49.

50. Owners denies the allegations in Paragraph 50.

51. Owners denies the allegations in Paragraph 51.

52. Owners denies the allegations in Paragraph 52.

53. Owners denies the allegations in Paragraph 53, except admits only that Plaintiff demanded payment from Owners.

54. Owners denies the allegations in Paragraph 54.

55. Owners denies the allegations in Paragraph 55.

56. Owners denies the allegations in Paragraph 56.

#33142181 v1

<u>**AFFIRMATIVE DEFENSES**</u>

A.      For further answer and by way of affirmative defense, Count I fails to state a claim upon which relief can be granted.

B.      For further answer and by way of affirmative defense, the Policy does not provide coverage for Plaintiff's claimed loss and damage because Owners' investigation revealed such damages were the result of wear and tear, corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself, and/or settling, cracking, shrinking or expansion.  As such, there is no coverage for said loss and damage pursuant to the following Policy provisions:

***

**B.      EXCLUSIONS AND LIMITATIONS**
See applicable Causes Of Loss Form as shown in the Declarations.
***

<b>CAUSES OF LOSS - SPECIAL FORM</b>
***

**A.      COVERED CAUSES OF LOSS**
When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:
**1.**      Excluded in Section **B.**, Exclusions; or
**2.**      Limited in Section **C.**, Limitations that follow.

**B.      EXCLUSIONS**
***

**2.**      We will not pay for loss or damage caused by or resulting from any of the following:
***

**d.**      **(1)**      Wear and tear;
**(2)**      Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
***
**(4)**      Settling, cracking, shrinking or expansion;
***

C.      For further answer and by way of affirmative defense, and to the extent Plaintiff is seeking payment for real and/or personal property damage, the Policy does not provide coverage

7

#33142181 v1

for Plaintiff's claimed loss and damage because Owners' investigation revealed such damages were the result of continuous or repeated seepage or leakage of water or other liquid that occurred over a period of 14 days or more.  As such, there is no coverage for said damages pursuant to the following Policy provisions:

***

**CAUSES OF LOSS - SPECIAL FORM**

***

**A.**     **COVERED CAUSES OF LOSS**
When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:
**1**.     Excluded in Section **B.**, Exclusions; or
**2.**     Limited in Section **C.**, Limitations that follow.

**B.**     **EXCLUSIONS**

***

**2.**     We will not pay for loss or damage caused by or resulting from any of the following:

***

      **d.**     **(7)** The following causes of loss to personal property:
           **(a)**     Dampness or dryness of atmosphere;
           **(b)**     Changes in or extremes of temperature; or
           **(c)**     Marring or scratching.

***

      **f.**     Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

***

      D.     For further answer and by way of affirmative defense, without waiving any defense or denial, the Policy does not provide coverage for Plaintiff's claimed loss and damage because Owners' investigation revealed that such loss and damage was the result of faulty, inadequate, or defective planning, design, specifications, workmanship, repair, construction, renovation, remodeling, materials used in repair, construction, renovation or remodeling, and/or maintenance.  As such, there is no coverage for said loss and damage pursuant to the following Policy provisions:

***

8

**B.     EXCLUSIONS**

\*\*\*

**3.**     We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. However, if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

\*\*\*

**c.**     Faulty, inadequate or defective:

\*\*\*

**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
**(3)** Materials used in repair, construction, renovation or remodeling; or
**(4)** Maintenance of part or all of any property on or off the described premises.

\*\*\*

E.     For further answer and by way of affirmative defense, Owners is not obligated to issue payment to Plaintiff because the amount of covered loss or damage to Plaintiff's property caused by wind and/or hail did not exceed the applicable deductible of $2,500 shown in the Policy Declarations.  As such, Owners is neither obligated, nor required, to issue any payment to Plaintiff pursuant to the following Policy provisions:

\*\*\*

**D.     DEDUCTIBLE**
The applicable Deductible shown in the Declarations will apply unless otherwise stated by endorsement.

In any one occurrence of loss or damage (hereinafter referred to as loss), the Deductible will apply as follows:
**1.**     We will first reduce the amount of loss if required by the Coinsurance Condition or the Agreed Value Optional Coverage.
**a.**     If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss.

\*\*\*

9

F.      For further answer and by way of affirmative defense, Owners has fully satisfied all its contractual obligations to Plaintiff under the terms, conditions, provisions, limitations, and exclusions of the Policy.

G.      For further answer and by way of affirmative defenses, without waiving any defense or denial, Plaintiff's claimed damages, even if they exceed the applicable Policy deductible, are subject to the Policy's loss payment provisions, valuation conditions, other Policy conditions and provisions, as well as all applicable Policy endorsements.

H.      For further answer and by way of affirmative defense, Plaintiff is bound by all the terms, conditions, provisions, exclusions, and limitations contained within the Policy.  Even if Plaintiff's alleged loss and damage is found to exceed the Policy deductible, Plaintiff's damages, if any, are subject to proper allocation and must be offset by the applicable Policy deductibles, coinsurance provisions, waiting periods, and any sub-limits of liability, as well as by payments received from any other insurance policies, other insured, self-insured, and/or uninsured party, non-party, person, or entity.

I.      For further answer and by way or affirmative defense, Plaintiff's claims are subject to all the terms, conditions, provisions, limitations, requirements, and exclusions of the Policy, which is a writing that speaks for itself and is the best evidence of its terms, conditions, provisions, limitations, requirements, and exclusions.  To the extent Plaintiff attempts to inflate and/or expand the Policy, specifically with respect to Plaintiff's claimed damages, Plaintiff is barred from inflating and/or expanding the terms, conditions, provisions, limitations and/or exclusions in the Policy.

10

#33142181 v1

J.     For further answer and by way of affirmative defense, Plaintiff's claims are barred in whole or in part because Owners did not violate any duty owed to Plaintiff under the common law, by statute, or otherwise.

K.     Owners reserves the right to amend these affirmative defenses throughout the course of discovery and prior to trial in accordance with Federal Rules of Civil Procedure, Local Rules, and any Case Management and Discovery Order.

WHEREFORE Defendant, Owners Insurance Company, having fully answered Count I of Plaintiff's Petition, respectfully requests this Honorable Court dismiss Count I of Plaintiff's Petition with prejudice, award Defendant its costs herein expended, and award this Defendant any such other and further relief this Honorable Court deems just and proper under the circumstances.

## COUNT II – VEXATIOUS REFUSAL TO PAY

57.     Owners restates and incorporates by reference its answers to Paragraphs 1 through 56 above as if fully set forth herein.

58.     Paragraph 58 purports to state a legal conclusion, not facts and, therefore, no response is required.  To the extent a response is required, Owners denies the allegations in Paragraph 58.

59.     Paragraph 59 purports to state a legal conclusion, not facts and, therefore, no response is required.  To the extent a response is required, Owners denies the allegations in Paragraph 59.

60.     Paragraph 60 purports to state a legal conclusion, not facts and, therefore, no response is required.  To the extent a response is required, Owners denies the allegations in Paragraph 60.

11

61.     Owners denies the allegations in Paragraph 61, including each and every allegation set forth in subparagraphs a. – g. in their entirety.

62.     Owners denies the allegations in Paragraph 62.

63.     Owners denies the allegations in Paragraph 63.

64.     Owners denies the allegations in Paragraph 64.

65.     Paragraph 65 purports to state a legal conclusion, not facts and, therefore, no response is required.  To the extent a response is required, Owners denies the allegations in Paragraph 65.

66.     Paragraph 66 purports to state a legal conclusion, not facts and, therefore, no response is required.  To the extent a response is required, Owners denies the allegations in Paragraph 66.

67.     Paragraph 67 purports to state a legal conclusion, not facts and, therefore, no response is required.  To the extent a response is required, Owners denies the allegations in Paragraph 67.

68.     Owners denies the allegations in Paragraph 68.

69.     Owners denies the allegations in Paragraph 69.

70.     Owners denies the allegations in Paragraph 70.

**AFFIRMATIVE DEFENSES**

L.     Owners restates and incorporates by reference its affirmative defenses A – K above as and for its affirmative defenses to Count II of Plaintiff's Petition.

M.     For further answer and by way of affirmative defense, Count II of Plaintiff's Petition fails to state a claim upon which relief can be granted.

12

N.	For further answer and by way of affirmative defense, without waiving any defense or denial, Owners had and continues to have reasonable cause and/or excuse to refuse payment and partially deny Plaintiff's claim.

O.	For further answer and by way of affirmative defense, without waiving any defense or denial, Owners had and has reasonable cause and/or excuse to refuse to tender payment to Plaintiff under the Policy and/or contest coverage for Plaintiff's additional claimed loss and damage.

P.	For further answer and by way of affirmative defense, without waiving any defense or denial, Owners has reasonable basis or grounds to contest coverage for Plaintiff's alleged claims and, therefore, Plaintiff's claims for vexatious refusal to pay penalties, attorney's fees, interest, and costs in bringing this litigation must fail.

Q.	For further answer and by way of affirmative defense, without waiving any defense or denial, even if Plaintiff is entitled to payment under the Policy, a good faith controversy and bona fide dispute exists between Plaintiff and Owners as to the cause and/or extent of the alleged damages, interpretation of the Policy, and/or value of the claim in this matter such that Owners had and/or has reasonable cause or excuse to refuse payment and deny coverage in whole or in part.  Therefore, Plaintiff is not entitled to vexatious refusal statutory penalties or attorney's fees as a matter of law.

R.	For further answer and by way of affirmative defense, without waiving any defense or denial, even if Plaintiff is entitled to additional payment under the Policy, Owners did not act willfully or without just cause or excuse, as the facts would appear to a reasonable and prudent person, with regard to Plaintiff's alleged claim, damages, and its cause and/or value as they relate

13

to the Policy and, therefore, Plaintiff is not entitled to vexatious refusal statutory penalties or attorney's fees.

**WHEREFORE** Defendant, Owners Insurance Company, having fully answered Count II of Plaintiff's Petition, respectfully requests this Honorable Court dismiss Count II of Plaintiff's Petition with prejudice, award Defendant its costs expended herein, and further award this Defendant any such other and further relief this Court deems just and proper under the circumstances.

## KNOWLEDGE AND INTENT

71.     Owners denies the allegations in Paragraph 71.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all triable issues not previously disposed of via motion to dismiss, motion for directed verdict, motion for summary judgment, or other dispositive motion.

## PRAYER FOR RELIEF

1.     Owners denies each and every allegation set forth in Paragraph 1 of Plaintiff's "Prayer for Relief."

2.     Owners denies each and every allegation set forth in Paragraph 2 of Plaintiff's "Prayer for Relief."

**WHEREFORE** Defendant, Owners Insurance Company, having fully answered Plaintiff's Petition, respectfully requests this Honorable Court dismiss Plaintiff's Petition with prejudice, award Defendant its costs expended herein, and further award this Defendant any such other and further relief this Court deems just and proper under the circumstances.

14

**WATTERS WOLF BUB HANSMANN, LLC**

*/s/ Alexa L. Lester*
Robert L. Brady, #47522
Alexa L. Lester, #68974
600 Kellwood Parkway, Suite 120
St. Louis, MO 63017
(636) 798-0570 – Phone
(636) 798-0693 – Fax
rbrady@wwbhlaw.com
alester@wwbhlaw.com
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of July, 2025, a true and correct copy of the foregoing was electronically filed and served via the Court's CM/ECF system, and was served via email on counsel of record below.

Nathaniel K. Scearcy
Timothy L. Sifers
SIFERS JENSEN PALMER, LLC
1901 W 47th Place, Suite 200
Westwood, KS 66205
(816) 819-3880 – Phone
nate@sjplawfirm.com
tim@sjplawfirm.com
*Attorneys for Plaintiff*

*/s/ Alexa L. Lester*

15